The Chief,Justice
delivered the opinion of the court.
The entry under which the appellants, who were coin- *282 pfainants in the circuit court, claim the land in controvert sy, cannot be sustained. It calls to lie “on the Ohio at thfe “mouth of Clover creek, to run up the creek above the first “fall. and down the river for quantity.” It is plain that the first fall in the creek must be a locative object, and consequently must materially affect the mode of making the survey. But where the first fall in the creek is, or whether there is anv place on the creek which would deserve the denomination, is not shewn. It is impossible, therefore, to say how much or how little of the land in controversy would ;)e vvithin the entry, and consequently, according to the whole current of decisions for the last 12 or 15 years, in the absence of all proof Of the existence of the object of †⅛ call, the entry must be deemed vague and uncertain, '^ea *hat this doctrine has beefs confined by the course cf decision to calls for artificial objects, and that the reason of the doctrine did not apply to calls for natural Objects, is certainly incorrect. For in Walker and Montgomery, 2 Bibb, 25Ó, this doctrine was applied to an entry calling for a spring as a locative object, and a spring is surely a natural object as much as the fall of a stream, nor can we perceive any reason for a difference in this respect between a call for an artificial and natural object. If shewn to exist, they must equally affect the mode of making the survey; and it is clear; therefore, if their position be not shewn, an entry, whether it depends upon one or the other, musí be equally uncertain.
An entry containing’ oiie'6locative call (natura or artificial ai),m cannot prevail, on-less- all the shet"n& are
Bibb and Liltell for appellants, B. Hardin contra,
The decree must be affirmed with costs.